No. 6978.

THE STATE VS. WILLIAM *alias* BEDFORD BURNS.

The addition of the words "with capital punishment" to the verdict of a jury can not affect the verdict. The words are mere surplusage.

Proof that a homicide was committed in any of the parishes of this State, is proof that it was committed within the State.

The verdict of a jury in a murder case will not be set aside on the ground that the court below refused to hear evidence to prove the desperate character of the deceased, when there is nothing in defendant's bill of exception to indicate the nature of the evidence offered, except that the deceased was a man of desperate character, and nothing to show in what way that fact affected the prisoner's conduct in the killing.

APPEAL from the Eleventh Judicial District Court, parish of Jackson. *Graham, J.*

*Allen Barksdale*, district attorney, for the State.

*E. E. Kidd* for defendant and appellant.

The opinion of the court was delivered by

MANNING, C. J. The prisoner was convicted of murder, and sentenced to death, the verdict of the jury being, 'guilty with capital punishment.'

A new trial was moved on the grounds, that the verdict was contrary to the law and the evidence, and that it contained the addendum, ' with capital punishment.'

It was doubtless because our law gives to a jury the option of finding a simple verdict of guilty, or of qualifying it by the words, without capital punishment, that the jury in this case appended the words, 'with capital punishment,' which are surplusage, and only signify that their verdict was unqualified.

The prisoner offered on the trial to prove the ' desperate character' of the person who was killed, which was denied, and further requested the court to charge, that proof that the homicide was committed in the parish of Jackson, was not proof that it was committed in the State of Louisiana, which was refused. The prisoner reserved bills in both instances.

A homicide, committed in any part of the territory of a State, is committed necessarily in that State. The greater includes the less, and courts take cognisance of the territorial divisions and subdivisions of the State, in which they exercise their functions, when these divisions are made by public authority.

The ruling of the court, excluding evidence of the character of the person on whom the homicide was committed, is sustained by the weight of authority. State v. Chandler, 5 Annual, 489. While this is the general rule, we only announce an already recognized principle in saying,

that there are exceptions to it. D'Angelo's case, 9 Annual, 46. In a subsequent case, the evidence was excluded because there was nothing to shew it was brought within any exception to the general rule. State v. Brien, 10 Annual, 453.

And for the same reason it must be excluded in this case. Whatever may be said of the reasonableness of admitting evidence of the violent or malignant character of a person who has been killed, when such violence or malignancy and the knowledge of it by the accused, constitute the justification of the homicide, it has never been doubted that the record must shew a state of facts to warrant its admission. The bill by the prisoner merely states that he "offered to prove the desperate character of the deceased, to which the district attorney objected, and the objection was sustained for the following reasons, etc."

In Brien's case above cited, the court say, "we find the evidence, under the facts stated in the bill, to be open to all the objections to which such evidence is generally liable." There are no facts stated in the bill here. There is nothing in the bill to indicate the nature of the evidence offered, except that the deceased was a man of desperate character, and nothing whatever to indicate the connection of that fact with the defence of the prisoner, or in what way the existence of such a fact affected or controlled the prisoner's conduct in the killing. The rejection of evidence of the bad character of the slain person is not error where the record does not shew a state of facts to warrant its admission. Queensberry v. State, 3 Stew. 308.

There is no error in the judgment of the lower court, and it is affirmed.